BY THE COURT.
The evidence may go to the jury. The original docket is not required. In that book, the public have an interest, and it should remain stationary in the justice’s office, unless public justice requires its removal into court. In such cases, strong circumstances must be shown to induce a court to order the removal of the book; and transcripts are uniformly received. But the paper offered is the written acknowledgment of the defendant himself. No variance is pointed out by counsel, and we do not perceive any. If it be true, which we neither admit nor deny, that for any purpose, the original writ of scire facias should be produced, still, that is no objection to the transcript. They are distinct items of. evidence, and must, of course, be offered separately.
After the plaintiff had closed his evidence,
BY THE COURT. The three first objections are easily disposed of. The defendant, in the transcript, acknowledges himself a justice of the peace, and that he rendered a judgment, on a scire facias, between persons of the same name as the parties described in the declaration. It cannot be denied but the tendency of this is to prove the case; the effect of the testimony is with the jury. In this kind of action, malice, and the want of probable cause, must be averred, and some evidence offered to sustain the averments. In the case before us something should be given to the jury, to-show that J. P. had no cause of action, and did not order the scire facias. There is no evidence on either of these points, and the transcript read standing alone, destroys the plaintiff’s action, for the justice must be presumed to have acted upon authority, unless the contrary be shown. But as this is a court of dernier resort, we will allow the plaintiff to supply the evidence now, if he can do so. That not being done, a
Non suit was ordered.
History of case before a justice is a record; State ex rel. Monroe Co. v. Daily, 14 O. 91, 98.